UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

APRIL A. GEAR,

Plaintiff,

v.

Case No. 26-cv-1811-bhl

FRANK BISIGNANO,
Commissioner of Social Security,

Defendant.

**ORDER GRANTING MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

On October 1, 2026, Plaintiff April Gear filed a complaint seeking review of the decision of the Commissioner of Social Security. (ECF No. 1.) That same day, she also filed a motion for leave to proceed without prepaying the filing fee or *in forma pauperis* (IFP) utilizing the Court's local form. (ECF No. 3.) The Court has authority to allow a litigant to proceed IFP if it determines that (1) the litigant is unable to pay the costs of commencing the action and (2) the action is not frivolous, does not fail to state a claim, and is not brought against an immune defendant. *Cf.* 28 U.S.C. §1915(a)(1), (e)(2).

In her motion, Gear states that her boyfriend currently supports her, including paying rent, utilities, food, and personal items. (ECF No. 3 at 4.) Gear further states that she is not employed but earns money completing on-line surveys for various companies and estimates she earns $150–$250 monthly. (*Id.*) She does not own a car or a home and has only $5 in cash or a checking, savings, or another similar account. (*Id.* at 3.) Because these facts confirm that Gear would have substantial difficulty paying the filing fee, the Court will grant her IFP motion.

This does not end the matter, however. As part of evaluating an IFP request, the Court must also review the complaint for sufficiency. If the complaint fails to state a claim on which relief may be granted or is frivolous, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013); 28 U.S.C. §1915(e)(2)(B)(i). Here, Gear timely invoked this Court's jurisdiction pursuant to 42 U.S.C. §405(g) and seeks judicial review of the decision

pursuant to 42 U.S.C. §405(g) and 42 U.S.C. §1383(c)(3). (ECF No. 1.) She argues that the administrative law judge decision denying her claim for Supplemental Security Income is not supported by substantial evidence and is contrary to law. (*Id.* at 2.) These arguments are not obviously frivolous and appear to state a potential claim. As a result, the Court will grant Gear's request to waive prepayment of the filing fee.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 3, is **GRANTED**.

Dated at Milwaukee, Wisconsin on October 2, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge